# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHY LAU, Administrator of the estate of Jonathan Lau,** | : : : | |
| Plaintiff, | : : | **Civil Action** |
| v. | : : | **No. 24-06532** |
| **CITY OF PHILADELPHIA, et al.,** | : : | |
| Defendants. | : : | |

# **ORDER**

AND NOW, this _____ day of _____, 2025, upon consideration of the Motion to Dismiss filed by Defendants, the City of Philadelphia, Officer Peterson, Detective McClain, Officer Avery, Officer Wilson, Corporal Graham, Corporal Alsotn, Corporal Holmon, Corporal Wilkins, Corporal Cason, Officer Henderson, and Sergeant St.Onge, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that all claims against these Defendants are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHY LAU, Administrator of the estate of Jonathan Lau,** : : : | |
| Plaintiff, : : | |
| : | Civil Action |
| v. : | No. 24-06532 |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : : | |
| Defendants. : : | |

## **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants, the City of Philadelphia, Officer Peterson, Detective McClain, Officer Avery, Officer Wilson, Corporal Graham, Corporal Alsotn, Corporal Holmon, Corporal Wilkins, Corporal Cason, Officer Henderson, and Sergeant St.Onge, ("Moving Defendants") hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Moving Defendants incorporate the attached Memorandum of Law. Moving Defendants respectfully request that this Court dismiss the claims asserted against them in Plaintiff's Complaint, with prejudice.

Date: February 20, 2025                      Respectfully submitted,

                              */s/ Kathryn Faris*
                              Kathryn Faris
                              Senior Attorney
                              Pa. Attorney ID No. 318580
                              City of Philadelphia Law Department
                              1515 Arch Street, 14th Floor
                              Philadelphia, PA 19102
                              215-683-5445 (phone)
                              Kathryn.faris@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHY LAU, Administrator of the estate of Jonathan Lau,** : :  **Plaintiff,** : : v. : : **CITY OF PHILADELPHIA, et al.,** : :  **Defendants.** : : | Civil Action No. 24-6352 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff, Kathy Lau in her capacity as administratrix of the estate, brings this Complaint following the loss of her son, Justin Lau, whose death was caused by complications from opioid use. Losing a child of any age is indisputably tragic. Similarly, experiencing a loved one's battle with substance abuse is devastating. However, no individual, regardless of their situation, is entitled to use the district court as an avenue for publication of inflammatory conclusions without factual support. Such conclusions, discussed below, cannot survive the strict and well-settled pleading requirements that bind this Court. Because these harassing conclusions are made despite ample opportunity to conduct pre-complaint discovery in this matter, Moving Defendants request the Court dismiss Plaintiffs' claims with prejudice.[1]

I.   SATEMENT OF ALLEGED FACTS

On September 8, 2023, Plaintiff's decedent died from complications of opioid use while detained at the Police Detention Unit following his arrest on September 5, 2023 for suspicion of

---

[1] Moving Defendants respectfully request this Court take judicial notice of the docket entries related to Plaintiff's May 21, 2024 issuance of a writ of summons upon Defendants in the Court of Common Pleas at Docket Number 240502796. A copy of the docket is attached hereto as Exhibit A. It is clear from paragraphs 24-111 that Plaintiff availed herself of the opportunity to engage in discovery between May 2024 and the filing of this Complaint. Thus any further opportunity to amend would be futile and not in the interests of justice.

theft from the Philadelphia Vietnam War Memorial. Complaint, ECF 1 at ¶¶38-44. Plaintiff alleges that individual Moving Defendants were on duty in the Police Detention Unit at various times during Mr. Lau's detention on September 5th through September 8th. *Id* at ¶¶44-111.

Shortly after midnight in the early morning hours of September 8th, Plaintiff avers that her decedent told an unidentified officer to "Let me be" and refused to sign a statement of medical refusal when that officer attempted to conduct a opiate assessment. *Id* at ¶74. There are no allegations that contest Mr. Lau's refusal of medical treatment while at the PDU. *See gen id*.

At an unspecified time after refusing medical treatment, Defendant Timmerman allegedly observed vomit in Mr. Lau's cell and took action to report that Mr. Lau required transportation to the hospital. *Id* at ¶82. Even though the timing of Defendant Timmerman's action is unknown, Plaintiff somehow concludes that "hours later" Defendant Avery discovered Mr. Lau unresponsive on or about 3pm on that same date.

Moving Defendants must address the spurious accusations in paragraphs 96 through 100. These statements are inflammatory and lack any factual support. Specifically, these paragraphs allege that Defendants Tomko, Peterson, McClain, Avery, Wilson, Graham, Alston, Holmon, Wilkins, Cason, Henderson, and St. Onge "intentionally held Plaintiff's in the PDU for an impermissible duration in violation of his due process rights" and "intentionally did not submit" unspecified paperwork "to have Plaintiff brought before a judge and arraigned." *Id* at ¶¶96-97. The same individuals are accused to have "intentionally prevented Plaintiff's decedent from receiving medical care" and "did nothing in response and let Plaintiff's decedent languish in his cell dying." *Id* at ¶¶ 98-100 These allegations stand in blatant contradiction to the preceding **factual averments** that Defendants observed, documented, and recommended medical treatment for Plaintiffs' decedent while at the PDU. *Id* at ¶¶38-95.

Defendants reiterate their sympathy for Plaintiff's grief but refuse tacit acquiescence to these unsupported conclusions.

## II. LEGAL STANDARD

A plaintiff cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

The Third Circuit set forth a three-step framework for determining the sufficiency of a complaint. First, the court should take "note of the elements a plaintiff must plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (*quoting Iqbal*, 556 U.S. at 678–79). Second, the court must "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (*quoting Iqbal,* 556 U.S. at 678–79). Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Santiago*, 629 F.3d at 130 (*quoting Iqbal*, 556 U.S. at 678–79).

## III. ARGUMENT

Plaintiff cites to 42 U.S.C. § 1983 as the basis for her claims against Defendants. To successfully assert a § 1983 claim, a plaintiff must show "a deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law."

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff has failed to set forth well-pleaded factual allegations from which the Court could infer veracity, she is not entitled to relief on any of her claims in this matter. *See Miles v. Curry*, No. 2:21-CV-03257-JMG, 2022 WL 704615 (E.D. Pa. Mar. 9, 2022); *see also Miller v. City of Philadelphia, et al.,* 2:23-4762 at ECF No18, attached hereto as exhibit B. Defendants urge the Court to dismiss these conclusory claims with prejudice.

### A. The Claims against Moving Defendants should be dismissed for failure to adequately plead non-conclusory facts upon which relief can be granted.

Though the Complaint contains general factual averments regarding the individually named Moving Defendants, the claims are premised solely on conclusions that are not entitled to the assumption of truth. *Santiago*, 629 F.3d at 130. There are no supporting factual averments upon which the Court could plausibly grant relief for any of the alleged claims: failure to protect and denial of adequate medical care (Count I), supervisor liability (Count II), and the derivative claims brought by Counts V and VI.[2]

A sufficiently plead claim for a denial of adequate medical care claim under § 1983 requires plausible averments to satisfy three elements: 1) the Plaintiff's decedent had a serious medical condition; 2) custodial official(s) were deliberately indifferent to that serious medical need; and 3) that deliberate indifference caused harm or physical injury to the Plaintiff's Decedent. *See* 3d Cir. Model Jury Instr. 4.11.1 Sec. 1983; and *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Complaint lacks any specific averments of personal involvement of each Moving Defendant but instead lumps the conduct of all Defendants together. Cmpl. at ¶¶96-100. The failure to parse out the claims and

---

[2] There appears to be a clerical error in the Complaint's numerical designations resulting in the absence of a Count IV. *See* ECF 1 at ¶¶ 140-171 . For the Court's convenience, Moving Defendants adopt the numerical designations contained in Plaintiff's Complaint.

averments against each of the Moving Defendants supports the characterization of these averments as conclusory.

Not only are these statements conclusory, they are directly belied by the averments in the preceding paragraphs, in which Plaintiff alleges that Moving Defendants observed and documented their observations that Mr. Lau required medical attention. *Id* at ¶¶38-111. Plaintiff even admits that Mr. Lau refused medical treatment that was attempted on the day of his death. *Id* at ¶74. The fact that Mr. Lau refused medical treatment implies that medical intervention was attempted.

With respect to the supervisor liability claim brought by Count II, this theory of liability is alleged only against the City of Philadelphia. Municipalities may only be held liable under a *Monell* theory of liability, which does not permit pursuit of claims premised upon theory of *respondeat superior*. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Even if Plaintiff had asserted this claim against individual Defendants, it is unclear if such a claim is cognizable following the Supreme Court's holding in *Iqbal* that "vicarious liability is inapplicable to *Bivens* and § 1983 suits." 556 U.S. at 678–79, *see also Santiago*, 629 F.3d at 130 n.8.

Because the Complaint relies upon unfounded and speculative conclusions rather than well-plead facts, the Court should dismiss the claims brought at Counts I, II, V and VI.

### B. Plaintiff's Monell Claim should be dismissed because it is not cognizable.

The Complaint's failure to plausibly allege a constitutional injury, as discussed above, is fatal to the *Monell* claim cannot survive. Even if this Court were to divine a constitutional injury in this case, the municipal liability claim fails to satisfy the second prong of *Monell*, which requires plausible allegations that the government unit itself supported a violation of constitutional rights,

while identifying the policymaker and establishing his/her deliberate indifference. *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990). Proof of a single incident or unconstitutional activity is not sufficient to impose liability under *Monell*. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). "A plaintiff alleging that a policy or custom led to his or her injuries must be referring to an unconstitutional policy or custom, and a plaintiff alleging failure-to-supervise, train, or discipline must show that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

To proceed on a policy-and-custom claim, Plaintiff must plausibly identify an offending policy or custom, allege the manner in which that policy or custom caused a constitutional injury, *and* a plausibly allege facts that an official with the power to make policy (i.e., a municipal "policymaker") is responsible for either the affirmative proclamation of the offending policy or acquiescence in a well-settled offensive custom. *See Andrews*, 895 F.2d at 1480. Policy and custom are two distinct theories. *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

A *Monell* claim based upon custom can only proceed if the well-founded, factual allegations of the Complaint establish that the identified policymaker was aware of similar unlawful conduct in the past but – with deliberate indifference – failed to take precautions against future violations, directly leading to the plaintiff's injury. *See, e.g., Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990).

Plaintiff's Complaint fails to factually aver the existence of an offending municipal policy or custom. On the contrary, Plaintiff references the Philadelphia Police Directives as a source of

authority for the allegations that the individual defendants are liable for her injuries. Cmpl. at ¶¶ 37, 47, 50, 54, 57, 59. 61, 75, 84, 110. It defies logic to ask the Court to infer that a municipal policy or custom is the moving force behind an individual defendants' violation of that same policy or custom.

Plaintiff also fails to identify a municipal policymaker or decisionmaker. The Third Circuit has consistently held that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss. *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action").

Dismissal should be granted for this additional reason. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

IV.     **CONCLUSION**

Plaintiff fails to set forth sufficient factual allegations to support her § 1983 claims against Moving Defendants. For the reasons set forth above, Moving Defendants respectfully request that this Court grant the instant motion and dismiss Plaintiff's Complaint against them with prejudice.

Date:  February 20, 2025	Respectfully submitted,

*/s/ Kathryn Faris*
Kathryn Faris
Senior Attorney
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
Kathryn.faris@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHY LAU, Administrator of the estate of Jonathan Lau,** | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | :     **Civil Action** <br> :     **No. 24-06532** <br> : |
| **CITY OF PHILADELPHIA, et al.,** | : <br> : |
| **Defendants.** | : <br> : |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Defendant the City of Philadelphia's Motion to Dismiss Plaintiff's Amended Complaint, was filed via the Court's electronic filing system and is available for viewing and downloading by all parties of record.

Date:  February 20, 2025

Respectfully submitted,

*/s/ Kathryn Faris*
Kathryn Faris
Senior Attorney
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
Kathryn.faris@phila.gov